UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZACH RILEY, <br><br> Plaintiff, <br><br> v. <br><br> SERRA AUTOMOTIVE, <br><br> Defendant. | Case No. 3:18-cv-00866 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

**REPORT AND RECOMMENDATION**

In this civil rights action, pro se Plaintiff Zach Riley asserts claims of employment discrimination, illegal termination, and slander against Defendant Serra Automotive, Inc. (Doc. No. 1.) On October 12, 2018, Serra timely filed a motion to dismiss. (Doc. No. 8.) Despite receiving an extension from the Court to file a response in opposition to that motion and being warned that his failure to file a response would likely lead to a recommendation that this action be dismissed (Doc. No. 18), Riley has not responded. For the reasons that follow, the Magistrate Judge will RECOMMEND that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute and that Serra's motion to dismiss (Doc. No. 8) be FOUND MOOT.

**I.    Factual and Procedural Background**

Riley filed this action on September 14, 2018, alleging that, after beginning work at Serra as a vehicle cleaner, he was denied promotion opportunities because of his race. (Doc. No. 1.) After he complained about this unequal treatment, Serra's managers "verbal[ly] abuse[d]" him, spread "false rumors," and ultimately terminated his employment. (*Id.* at PageID# 10.) Riley asserts claims against Serra under Title VII of the Civil Rights Act of 1964 for employment

discrimination and illegal termination and under Tennessee state law for slander. (*Id.* at PageID# 11.)

Serra filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on October 12, 2018, arguing that Riley had failed to plead the elements of each asserted cause of action. (Doc. Nos. 8, 9.) Four days later, Riley filed a motion for default judgment, stating that "more than 20 days ha[d] elapsed" since Serra was served with a summons on September 24, 2018, and that Serra had not filed an answer. (Doc. No. 11, PageID# 43.) Serra moved to strike Riley's motion, arguing that it had timely filed its motion to dismiss under Rule 12(b)(6) within twenty-one days of being served with Riley's complaint. (Doc. No. 13.)

Riley did not respond to Serra's motion to strike, and the Court granted it on November 15, 2018, finding that Serra had timely filed its motion to dismiss. (Doc. No. 14.) The Court noted that Riley had yet to respond to the motion to dismiss and ordered him to show cause within seven days why the Magistrate Judge should not recommend that the motion be granted as unopposed. (*Id.*) Because Riley did not respond to that order, the Court ordered him to show cause by February 1, 2019, why this action should not be dismissed for failure to prosecute. (Doc. No. 15.) Riley filed a response on January 24, 2019, stating that the Court's show-cause order was the first filing he had received since he filed his motion for default judgment. (Doc. No. 16.) He also asked the Court to sanction Serra for failing to serve him with its motion to dismiss. (*Id.*) Serra objected to Riley's response, stating that it had served the motion to dismiss on Riley at the service address that has been used throughout this action. (Doc. No. 17.)

On February 12, 2019, the Court denied Riley's request for sanctions against Serra and found that he had adequately responded to the show-cause order. (Doc. No. 18.) The Court directed the Clerk's Office to send Riley a copy of Serra's motion to dismiss and ordered him to file any

2

response in opposition by February 26, 2019. (*Id.*) The Court warned Riley that failure to respond would likely lead to a recommendation that this action be dismissed for the reasons stated in Serra's motion or for his failure to comply with the Court's order and prosecute this action. (*Id.*) Riley has not responded.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter*

*v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.    Analysis**

Riley has delayed this action and apparently abandoned his claims. Dismissal without prejudice under Rule 41(b) is appropriate.

    **A.    Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Riley's failure to comply with the Court's February 12, 2019 order does not appear to be in bad faith, but that failure still reflects "willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also McCall v. Cort Furniture Rental*, No. 13-2475, 2014 WL 4929324, at *2 (W.D. Tenn. Oct. 1, 2014) (finding that, among other things, plaintiff's failure to comply with order requiring him to show cause why defendant's motion to dismiss should not be granted amounted to fault). Riley actively litigated

4

this action from September 14, 2018, through January 24, 2019, and demonstrated that he is able to respond to this Court's orders when he wants to do so. (Doc. Nos. 1, 11, 16.) This factor supports dismissal.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Serra expended time and resources drafting their motion to dismiss and their objections to Riley's response to the Court's show-cause order. This factor also supports dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Riley that failure to file a response in opposition to Serra's motion to dismiss would likely lead to dismissal of this action. (Doc. No. 18.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Taylor v. Wells Fargo Bank, NA*, No. 13-cv-10859, 2014 WL 4231367, at *3 (E.D. Mich. Aug. 27, 2014) (dismissing plaintiff's claims under Rule 41(b) where court had "warned plaintiff that dismissal in defendants' favor would be granted if he failed to respond to the motion to dismiss and the Order to Show Cause").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate outcome here. That is so even though Serra has filed a motion to dismiss. *See Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957306, at *1 (E.D. Mich. May 31, 2012) (affirming report and recommendation that dismissed pro se plaintiff's complaint without prejudice for failure to prosecute and found defendants' motion to dismiss moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.      Recommendation**

Considering the four relevant factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that Serra's motion to dismiss (Doc. No. 8) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of April, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge